(101 App. Div. 308)

## BEERS v. WEST SIDE R. CO.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. EVIDENCE—COMPETENCY—CONCLUSIONS OF WITNESSES.

In an action against a street railroad for injuries to a passenger, which was tried on the theory that defendant was not liable unless the motorman or conductor knew or should have known that the wheels were off the track, and were negligent in not stopping the car, testimony offered by a witness who was accustomed to ride upon the cars over the place in question, and who was familiar with the noise and motion made by cars in their ordinary running upon the track, that the noise and motion of the car as it approached such place were not of the usual kind, was competent, and was not objectionable as calling for the conclusion or opinion of the witness.

2. NEW TRIALS—NEWLY DISCOVERED EVIDENCE.

An action against a street railway for injuries to a passenger was tried upon the theory that defendant's liability depended on whether or not its employés knew or should have known at the time of the accident that the car was off the track. A verdict was rendered for defendant, and on motion for a new trial plaintiff proposed to show by newly discovered evidence that witnesses who were riding bicycles directly behind the car at the time of the accident observed that the wheels were off the track, and that the conductor, while standing on the running board, stooped down to look at the wheels in such manner as to have seen that they were off the track. The testimony on the trial had been that the conductor was upon the running board, collecting fares, at the time of and before the accident. The newly discovered evidence was offered after three trials had been already had, but plaintiff's affidavits disclosed every effort in procuring witnesses, and sufficiently explained their failure to discover the particular witnesses for whose testimony the new trial was asked. *Held,* that the evidence was vital, and not necessarily inconsistent with that given on the trial, and, although it came late, a new trial should have been awarded on the ground thereof.

Action by Hattie P. Beers, as administratrix of Frank Beers, deceased, against the West Side Railroad Company. From a judgment for defendant and from orders denying motions for new trial, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Herendeen & Mandeville, for appellant.
Reynolds, Stanchfield & Collin, for respondent.

HOUGHTON, J. The defendant operates a street railway in the city of Elmira, and on the 30th day of May, 1900, the plaintiff's intestate was a passenger upon one of its cars which was passing over a bridge spanning the Chemung river. The bridge is about 800 feet long, upon which are laid two tracks. The southerly approach to the bridge is by a sharp incline for about 80 feet. The car boarded by plaintiff's intestate was crowded, and he was standing on the rear platform, with his back to the tail board. The evidence of the plaintiff showed—much of which was uncontradicted by the defendant—that, starting with the incline, the forward wheels of the hind truck of the car were off the rails, and continued so to remain until the car, with increasing speed, arrived at a point near the middle of the bridge, when the wheels struck a projecting plank, and the rear of the car was hurled

to one side, throwing the plaintiff's intestate from the platform against the framework of the bridge, and inflicting injuries from which he subsequently died. The theory of the trial was that the defendant was not liable unless the motorman or conductor knew, or ought to have known, that the wheels were off the track, and thus were negligent in not stopping the car.

In the course of the trial the plaintiff sought to prove by a witness accustomed to ride upon street cars and over the bridge in question, and who was familiar with the noise and motion which they made in their ordinary passing over the scene of the accident, whether the noise and motion of the car as it approached and ran upon the bridge was usual or unusual. Upon the defendant's objection the evidence was excluded, and to the ruling the plaintiff duly excepted. The plaintiff attempted to make the same proof by other witnesses, but their answers were excluded. The defendant's motorman and conductor were sworn in its behalf, and, against plaintiff's objection and exception, they were permitted to testify that they noticed no unusual sound or motion of the car. It is manifest that both these rulings cannot be right. If it was proper for the defendant to show that there was no unusual noise or motion which could attract the attention of the motorman and conductor to the fact that something was wrong in the running of the car, and therefore excuse them for failing to stop it, it was certainly competent for the plaintiff to show that there were such unusual noises and motion that the attention of the motorman and conductor should have been attracted to it, and therefore that they should have known that something was wrong, and brought the car to a stop. We are of the opinion that the evidence was competent, and that the court erred in refusing to permit the plaintiff to show that the noise and motion, of the car as it approached and ran upon the bridge were not of the usual kind, and that this could be shown by any witness accustomed to ride upon the cars over the place in question, and familiar with the noise and motion made by cars in their ordinary running upon the track. Under the theory upon which the case was tried this was material as bearing upon the question as to whether or not the motorman or conductor ought to have known that something was wrong in the running of the car. A noise out of the ordinary and a motion not customary would indicate, especially to an expert, that something was wrong, and hence that they must make investigation or stop the car entirely. Witnesses had described the bumping and grating noises which they observed; but if, in addition, the jury had been possessed of the fact that these noises were not the usual ones, they might have come to the conclusion that they were of such a character that the motorman and conductor ought to have known that the car was off the track, or that something was out of place, which was likely to produce an accident. The evidence cannot be condemned because it called for the conclusion or opinion of the witness. It is rather a fact based on the observation of the witness. It comes within the rule which permits a witness to state the identity of a person, the size and weight of an object, the time when an occurrence took place, and the distance of the witness when he saw what took place. Evidence of this character is admitted daily upon trials, and is never questioned. 1

Greenlf. on Ev. (15th Ed.) § 440; Harpending v. Shoemaker, 37 Barb. 270. So an ordinary witness may say whether or not an individual was intoxicated (People v. Eastwood, 14 N. Y. 562), or whether a person appeared friendly, or endeavoring to help another (Blake v. The People, 73 N. Y. 587). These and like conclusions are permitted, for they require no knowledge of science or any special training, but are the results of observation merely. If the carriage of a person on a particular occasion was the subject of pertinent inquiry, could not a witness, familiar with his manner of walking, say that he walked straight and erect as he usually did? Such an inquiry would be one calling for a fact resulting from the witness' observation, to be sure, but nevertheless permissible for the consideration of the jury. In Carpenter v. Central Park, North and East River R. R. Co., 11 Abb. Prac. (N. S.) 416, it was expressly held that a witness who had observed the manner of construction of street railroads might testify that the road in question was not constructed according to the usual method, because the inquiry was not one calling for special knowledge or the skill of an expert. Every employer sued by his employé because of injuries resulting from alleged defects in appliances furnished for work attempts to justify himself by showing, at least, that he has furnished the usual appliance, and, unless it is one calling for special expert knowledge, any witness who is familiar with the same class of appliances used in other establishments is permitted to prove the fact. We are not disposed to extend the rule with respect to opinions of witnesses, or to enlarge the salutary one restricting witnesses from stating their conclusions; but we can see no reason why the evidence sought to be introduced by the plaintiff was not both pertinent and competent.

In addition, we are of opinion that the Special Term should have granted the plaintiff's motion for a new trial upon newly discovered evidence. This evidence consisted of that of two witnesses who were riding bicycles directly behind the car at the time of the accident, and observed that the wheels were off the track; and in affidavits they say they will testify that they saw the conductor of the car, while standing upon the running board, stoop down and look at the wheels in such manner that he must have seen that they were off the track and upon the planks of the bridge. It is plain that this is vital evidence; for, if it is true, the conductor actually knew that the wheels were not running properly, and took the chances of their adjusting themselves, rather than to stop the car.

Criticism is made of this evidence that it comes very late, the judgment appealed from being the result of a third trial before a jury; and also that it is contrary to the testimony of other witnesses sworn upon the trial, who testified that the conductor was upon the running board, collecting fares, during all the time that the car was running on the bridge. The testimony is not necessarily inconsistent in this respect, for the collecting of fares may have been the conductor's particular occupation, and the looking under the car only an incidental act on his part. It is true that the discovery of this evidence comes at a late period in the investigation of the facts of the case; but the affidavits disclose every effort on the part of the plaintiff and her attorneys to

ascertain such witnesses as could throw light upon the situation, and their failure to discover these particular witnesses until after the last trial had taken place is fully explained and excused. From the facts no suspicion can be cast upon the plaintiff and her attorneys that the evidence is manufactured, or that they could have found the witnesses sooner by any diligence on their part. We think the learned Special Term failed to exercise proper discretion in refusing to grant the motion.

The judgment and orders should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; CHASE, J., in result.