In the Matter of the Estate of CHARLES DUKSZTA, Deceased.

Surrogate's Court, New York County, December 24, 1948.

*Jacob Mendelson* for John Bartisewicz, petitioner.

*Nathan R. Morganstern* for John Stawiarski, cross petitioner.

*Joseph A. Cox* for Francis J. Mulligan, as Public Administrator of the County of New York, respondent.

DELEHANTY, S. The sole question here is which of two groups of collaterals will succeed to the money of this deceased. A person claiming to be a cousin of deceased sought letters of administration upon his estate. The Public Administrator challenged his status as distributee. This question of the status of the petitioner need not concern the court because agreement has been reached that the collaterals of deceased will consent to the appointment of the Public Administrator reserving to them the right to come in on the accounting of the Public Administrator and then claim the distributable balance in his estate on proof of the identity of and the number of his distributees. After the filing of the petition for letters a cross petition was filed by a person who had been appointed administrator of the wife of deceased. His claim to letters of administration on the estate of this deceased is based on the claim that the wife of deceased survived him. If the cross petitioner succeeds in proving that the wife survived then the collaterals of the wife will obtain deceased's property. If the evidence is insufficient to show that the parties died " otherwise than simultaneously, the property of each person shall be disposed of as if he had survived " (Decedent Estate Law, § 89, subd. 1.).

Deceased and his wife perished in a common disaster. Both died on May 1, 1948, from illuminating gas poisoning in an apartment which they occupied. The court has taken all available proof respecting the happening and the finding of the bodies of deceased and his wife. Each was dead upon discovery. The court is asked by the cross petitioner to infer from the proof before it that deceased's wife survived him. His case in the last analysis depends upon a contention on his part that at the time of discovery the wife's body was warmer than that of the hus-

band and the wife was in the bedroom of the apartment while that of the husband was in the kitchen where the gas was escaping. Cross petitioner has of course the burden of proof (*Newell* v. *Nichols,* 75 N. Y. 78; *Matter of Burza,* 151 Misc. 577).

Various hypotheses may be constructed to account for the facts as they were ascertained when the firemen found the bodies. They were the first to enter the premises. All such hypotheses at the end of the inquiry remain merely hypotheses. If there are circumstances tending to prove survivorship, " courts will then look *at the whole case* for the purpose of determining the question, but if only the fact of death by a common disaster appears they will not undertake to solve it on account of the nature of the question, and its inherent uncertainty " (*Newell* v. *Nichols,* 75 N. Y. 78, 89, *supra*; emphasis supplied). Because the circumstances of one tragedy will never exactly parallel those of another, the decision in one case cannot be decisive on a different set of facts. *Matter of Hayward* (143 Misc. 401, affd. 237 App. Div. 823) contains some points of similarity to this case but other points of difference. There the attending circumstances were sufficient to support the inference that one person was in the room where the gas would first be concentrated for some period prior to the time she was overcome while the other person was at all times in a part of the dwelling further removed from the source of the gas. From an examination of the bodies two doctors were able to testify that the one had predeceased the other. In the pending case there is no evidence that the husband had been in the kitchen at any time prior to the moment he succumbed and there is no evidence that the wife was at that moment still living. On the contrary, the condition of dress of the parties and the position of the husband's body would permit the *speculation* that he had been in the bedroom until he became aware of the danger, that he made his way to the kitchen in an effort to turn off the gas and was overcome before he reached the stove. Such an hypothesis would indicate in respect of the husband an awareness of danger and effort to escape that are lacking in respect of the wife and would tend toward the conclusion that instead of predeceasing her he had in truth survived her. All of this data however " touches too closely the realm of speculation to permit any certainty in decision " (*Matter of Englebirt,* 184 App. Div. 314, 316). The entire body of proof makes it clear that the hypothesis that deceased survived his wife is equally tenable with the one that he predeceased her. The court cannot say on the evidence that there was survival of deceased by his wife. The court need go no further. It holds

that cross petitioner has not made a case and accordingly denies the prayer of the cross petition.

On the basis of the original petition and the consents already mentioned letters of administration on the estate of deceased will issue to the Public Administrator. Submit, on notice, decree accordingly.