LAWRENCE SENECAL, an Infant, by JOHN SENECAL, His Guardian ad Litem, Appellant, *v.* JAMES DROLLETTE, Respondent.

JOHN SENECAL, Appellant, *v.* JAMES DROLLETTE, Respondent.

Argued October 8, 1952; decided October 23, 1952.

*John P. Judge* for appellants. The trial court erroneously excluded direct evidence on the issue of the identity of defendant's car with the accident. (*Commonwealth* v. *Best,* 180 Mass. 492; *Schwenger* v. *Gaither,* 87 Cal. App. 2d 913; *State* v. *Rainsberger,* 74 Iowa 204; *Karrigan* v. *Ninth Ave. R. R. Co.,* 44 App. Div. 116; *Wilbur* v. *Hubbard,* 35 Barb. 303; *Collins* v. *New York Central & H. R. R. R. Co.,* 109 N. Y. 243; *People* v. *Roach,* 215 N. Y. 592; *People* v. *Jones,* 257 App. Div. 5; *Hackett* v. *Boston, C. & N. R. R.,* 35 N. H. 390; *Commonwealth* v. *Dorsey,* 103 Mass. 412; *Schwartz* v. *Wood,* 67 Hun 648; *Beers* v. *West Side R. R. Co.,* 101 App. Div. 308.)

*William J. Herron* for respondent. I. The trial court made no errors in excluding or striking out the testimony objected to. (*Slocovich* v. *Orient Mut. Ins. Co.,* 108 N. Y. 56; *Dougherty* v. *Milliken,* 163 N. Y. 527; *Matter of Herrmann,* 75 Misc. 599, 155 App. Div. 923; *Gray* v. *Brooklyn Heights R. R. Co.,* 175 N. Y. 448; *Messner* v. *People,* 45 N. Y. 1; *Pearce* v. *Stace,* 207 N. Y. 506; *People* v. *Corey,* 148 N. Y. 476; *Bedell* v. *Long Island R. R. Co.,* 44 N. Y. 367; *Grattan* v. *Metropolitan Life Ins. Co.,* 80 N. Y. 281; *People* v. *Van Gaasbeck,* 189 N. Y. 408.) II. No substantial right of either of plaintiffs was affected by the rulings of the trial court. (*Scanlan* v. *Temple,* 297 N. Y. 516.)

DESMOND, J. The infant plaintiff, crossing a rural highway at night, was struck and injured by an automobile which, the complaint alleged, had been negligently driven by defendant. Defendant denied the occurrence but, in his testimony, admitted that his car had, at about the time and place of plaintiff's injury, come into collision with some object. Plaintiff's first burden of proof, therefore, was to identify the automobile with which he had come into contact. Plaintiff himself, a ten-year-old boy, was unable to make that identification, but, as his witnesses, he produced two twelve-year-old boy companions. Each of those witnesses was questioned, preliminarily, by the Trial Justice as to his knowledge of the nature of an oath, etc., and, after satisfactorily showing such knowledge, each was sworn. However, each boy was, by later rulings of the Trial Justice, prevented from testifying effectively.

Witness Rascoe, after stating that he had seen an automobile hit plaintiff, was shown an admitted photograph of defendant's

car and was then asked whether it " is the car or not." An objection was made and sustained and an exception taken, solely on the ground that " the age of the boy disqualifies him for such testimony." Rascoe was in an upper grade of elementary school, and there is nothing in the record to suggest that he lacked the usual mental competence. We think that the ruling which refused, on the ground of age, to let him answer, was clear error. Other witnesses were permitted, during the trial, to look at the same photograph, and to testify that it was of a car shown by defendant, as his, to those witnesses soon after the accident, but Rascoe was not allowed to say it was the automobile which Rascoe had seen striking plaintiff (see as to testimony on identity and correspondence, 32 C. J. S., Evidence, §§ 504, 515).

Rascoe, at another point in his examination, was asked as to the speed of the car which hit plaintiff. An objection was made and sustained as to that question, too, on the same ground (that he was disqualified because of age). That, too, was error (see *Marcucci* v. *Bird*, 275 App. Div. 127, 129; *Mahoney* v. *Gooch*, 246 Mass. 567, 569; Tracy, Handbook of the Law of Evidence, p. 204). The witness had sworn that he often rode in automobiles and watched their speedometers, and, indeed, there was no objection to this, or to the other disallowed question asked of Rascoe, on the ground of " lack of foundation ", or anything of that sort.

Plaintiff's other witness, as to whom objections were sustained and answers stricken, was Howard Collins, a twelve-year-old seventh grade student. Collins told the jury that he " got a glance at it just before it hit him " and, at another place in his examination, swore he had a good look at the grille, body and back of the car. In answer to another question, he said it was a " Thirty-six Ford." An objection was made and sustained, without any statement of grounds. Then, on further questioning, Collins testified that his own family had an automobile of a certain make and year, and he listed the manufacturers' names and years of cars owned by some of his relatives and friends. He was asked by plaintiff's counsel whether he had an opportunity to know what kind of automobile it was that had struck the plaintiff. He said he did, and then was asked again what kind of car it was, and again, without statement of

grounds, an objection was made and sustained. Thus, this witness, who was apparently qualified by age, experience and intelligence (although his opportunity to observe in this instance was brief and limited) was forbidden to state that the vehicle which struck plaintiff was a 1936 Ford automobile.

Automobiles are so numerous, so many people have large experience with them, and so many (especially, it may be said, growing boys) interest themselves in the special characteristics of various models of cars, that it is unreal to say that only a particularly qualified expert can distinguish a " 1936 Ford " (see, on this general subject, Richardson on Evidence [7th ed.], §§ 524, 526; 7 Wigmore on Evidence [3d ed.], § 1924; Jacobs on Civil Trial Evidence [2d ed.], pp. 170–173; *Gray* v. *Brooklyn Heights R. R. Co.,* 175 N. Y. 448, 453; *People* v. *Roach,* 215 N. Y. 592, 604, 605). Actually, such is not opinion evidence at all, but statement from observation of existing physical fact (*Beers* v. *West Side R. R. Co.,* 101 App. Div. 308, 311; *People* v. *Deacons,* 109 N. Y. 374, 382). As to identification, from a photograph of an object previously seen, that, too, is fact evidence, subject to preliminary examination by the opposing party as to the ability of the witness to observe, know and remember, and subject, too, to cross-examination and argument to the jury as to reliability, but evidence of asserted fact, nonetheless (see *People* v. *Spinello,* 303 N. Y. 193, 203).

The jury here found for defendant. " If this evidence had been given, it might not have changed the result. But that fact we do not know. It was material and proper evidence, and we cannot say that no harm resulted * * * from its exclusion " (*Collins* v. *New York Central & H. R. R. Co.,* 109 N. Y. 243, 249).

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.