VERONICA BEECHEY, Respondent, v PASQUALE DE SORBO et al., Appellants.—Appeal from an order of the Supreme Court, entered January 10, 1975 in Schenectady County, which set aside a jury verdict in favor of defendant rendered at a Trial Term and granted a new trial. In this intersection collision, plaintiff's automobile was proceeding east on Union Street in Schenectady when it came in contact with defendant's automobile which was traveling in a northerly direction on Elmer Avenue. The intersection was a "T" intersection, with the only traffic signal being a stop sign for traffic approaching the intersection from Elmer Avenue. Elmer Avenue terminated at the intersection. The plaintiff testified that she was proceeding at a speed of 25 miles per hour and that she first saw the car operated by defendant when her own car was entering the intersection, at which time the defendant's car was also entering the intersection. It was her testimony that when she saw the defendant's vehicle, she braked and swerved to the left in order to attempt to avoid the impact, but her vehicle was struck by the defendant's vehicle on her right side. The defendant testified that as she approached Union Street, she stopped her vehicle on Elmer Avenue at the stop sign. She then started forward, and when she arrived at a point adjacent to the cars parked on the south side of Union Street, she looked to her left. She had a view of approximately seven car lengths, saw nothing, and proceeded into the intersection while turning left. Defendant stated that when she reached the middle of Union Street, she first saw the plaintiff's car approaching at a speed of 40 miles per hour. The jury returned a verdict of "no cause for action" in plaintiff's action, and in favor of the father of the passenger in defendant's vehicle (defendant's sister) in his derivative action. The trial court then granted plaintiff's motion to set aside the verdict and ordered a new trial. In our opinion the motion should have been denied. Questions of fact were clearly presented by this typical intersection case which were properly within the jury's province. The credibility of witnesses and the weight to be given to their testimony are questions for the triers of the facts exclusively. *(Wadsworth v Delaware, Lackawanna & Western R. R. Co.,* 296 NY 206, 211.) The trial court properly charged that "Each of [the drivers] was under a duty to maintain a reasonably safe rate of speed for the conditions then and there existing. Each was required to have her automobile under reasonable control and to keep a proper lookout under the circumstances and to see and be aware of

what was there and in her view * * * However, an operator traveling on a thruway street is still required to use such care as a reasonably prudent driver on a thruway would use under the same circumstances and *may not proceed recklessly into the intersection in disregard of a vehicle traveling on an intersecting street after he knows or has reason to know that the vehicle has entered or is about to enter the intersection without stopping. Again, we come back to the rule that both drivers are required to use reasonable care"* (emphasis supplied). The jury was thus instructed to consider the question of whether the plaintiff used due care in entering the intersection even though she was traveling on the through street. In making this judgment, in our view, the jury could properly consider the testimony of the defendant driver and her passenger. We have held that estimates "of the speed at which an automobile is moving at a given time is generally viewed as a matter of common observation rather than expert opinion, and it is well settled that any person of ordinary ability and intelligence having the means or opportunity of observation is competent to testify as to the rate of speed of such a vehicle * * * The question as to the opportunity of a witness to judge, under the particular circumstances, the speed of an automobile, has been held, as a general rule, to go to the weight of his testimony rather than to its admissibility" *(Marcucci v Bird,* 275 App Div 127, 129). In the *Marcucci* case, the estimate of speed which was deemed improperly stricken was that of a 15-year-old boy. In a similar situation involving a 12-year-old boy's testimony as to the speed of a car, the Court of Appeals held it to be error to have sustained an objection to the boy's testimony. *(Senecal v Drollette,* 304 NY 446.) Thus, the trial court's reference to the testimony of the defendant and her passenger as the testimony of "inexperienced, teen-aged girls" is not a proper ground to bottom a decision setting aside the jury verdict of "no cause for action". As to the court's reference to the estimates of speed being made "in the split second that they saw the oncoming car three Volkswagen car lengths away", these were also questions which depended for their resolution on the interpretation of evidence which should properly have been left to the triers of the facts. Finally, we are of the opinion that the trial court committed error when it accepted certain photographs from the plaintiff's attorney which had not been offered or received in evidence on the trial and viewed these photographs before making its decision on the motion to set aside the verdict. While the court had previously stated that it would not consider the photographs in deciding the motion, the issue should not have been permitted to arise. Order reversed, on the law and the facts, with costs; motion denied and verdict reinstated. Koreman, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.