■ JUDITH WALLACE, as Administratrix of the Estate of JOHN WALLACE, Deceased, Respondent, v CITY OF NEW YORK, Appellant. — Judgment, Supreme Court, New York County (Quinn, J., and a jury), entered May 23, 1980, awarding plaintiff-respondent the sum of $829,258.10, unanimously reversed, on the law and the facts, and matter remanded for new trial, without costs. Plaintiff's decedent died as the result of fatal injuries sustained when the automobile he was driving on West Street in Manhattan struck a support column of the elevated "West Side Highway" at the intersection of West and Laight Streets on March 3, 1972 at approximately 8:30 P.M. The postmortem autopsy report, which was stipulated into evidence by the parties, indicated that decedent's blood contained .25% ethyl alcohol. The support pillar which decedent struck was not painted with black and white warning stripes on the side facing decedent, as were the other supports he had driven past. Flashing amber lights were attached to the pillar, apparently at its top, near the cross beams of the overhead structure, some 15 feet above the ground. The weather was cold and foggy, and the roads were wet. According to the eyewitness testimony, a sheet of ice extended for approximately 40 to 50 feet in front of the pillar in the direction from which the decedent had come. The eyewitness testified that he had driven behind or near decedent's car for approximately two miles and that he had noticed nothing unusual or different in the way decedent had operated his vehicle. Plaintiff's safety expert testified that the roadway and the pillar were inadequately marked and, over objection, testified regarding the placement of a drainpipe, which ran down the length of the support column, and its relation to the formation of ice on the roadway in front of the column. The defendant City of New York objected that all evidence regarding the alleged icy condition and the drainpipe was improperly received, since the pleadings contained no reference thereto and alleged only that the accident was caused by the city's failure to mark the pillar properly and to give motorists adequate warning of its existence. We do not agree that evidence of an icy road condition was improperly received since that condition was admissible under plaintiff's allegation of a defective warning on the pillar. A skid on an icy condition was a foreseeable event under the theory pleaded. It was error, however, to receive evidence that the ice was caused by the improper placement of the drainpipe, since this theory of liability was never pleaded. The introduction of that evidence was prejudicial. No opportunity was had to investigate the condition and to prepare a defense, and the general verdict does not enable us to determine what reliance the jury placed upon this element of the proof in arriving at its determination. The defendant's other major contention concerned the trial court's charge to the jury on the effect of sections 1192 and 1194 of the Vehicle and Traffic Law, based upon the decedent's blood alcohol level of .25% as indicated by the autopsy report, stipulated in evidence. The city asserted that the court's failure to instruct the jury with respect to a relationship between decedent's alleged violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law and a finding of contributory negligence constituted reversible error. The court left this question to the jury to be taken into consideration with all the other circumstances of the case. The plaintiff in response contended that the court's charge was in line with defendant's requests to charge and, further, that no violation of sections 1192 and 1194 of the Vehicle and Traffic Law was established, since the criteria contained within those sections were not met. The defendant City of New York took no exceptions to the court's charge. Its requests to charge were substantially complied with, including the only one which it specifically denied, but which it

in fact inferentially covered. The request for another was repeated after the charge, and the court stated: "I think I covered that. If you want, we will read it over." The city made no further application with respect to that request, but simply went on to something else. In *Moore v Leaseway Transp. Corp.* (49 NY2d 720, 722), the court said "[t]he pertinent provisions of the * * * Act * * * were read to the jury. The contention now advanced that the trial court erroneously failed to instruct the jury as to the relation of such rules to the issues presented in the case has not been preserved for our review in consequence of the failure of appellant to request a pertinent charge or to object on this ground to the instructions as given by the court." This issue as well as those raised by defendant's more general challenge to the adequacy of the charge, were therefore not preserved for our review (CPLR 5501, subd [a], par 3). Concur — Sandler, J. P., Sullivan, Carro, Markewich and Bloom, JJ.