OPINION OF THE COURT
Bernard L. Reagan, S.
The decedents, Dr. Jose F. Cunanan, husband, and Dr. Evelyn P. Cunanan, wife, died testate residents of the Town of Pompey, County of Onondaga, State of New York, on January 9, 1982. The Cunanans’ three minor and unmarried daughters — Jocelyn, age 18, Jacqueline, age 16, and Josephine, age 14, died intestate on January 9, 1982.
All five Cunanans died in a “common disaster”, the result of a tragic house fire.
Dr. Jose F. Cunanan left him surviving five brothers and sisters, namely, Rafael F. Cunanan, brother; Priscila Cunanan Bautista, sister; Lydia Cunanan Ignacio, sister; Felipe F. Cunanan, brother; and Loreto Cunanan Concepcion, sister; all residents of the Philippines and Filipino citizens.
*257 Dr. Evelyn P. Cunanan left her surviving her mother, Salud Teodoro Vda. de Perez, a Filipino citizen, living at 274 Mohican Way, Fort Lee, "New Jersey.
Dr. Jose F. Cunanan executed a last will and testament dated August 23, 1979.
Dr. Evelyn P. Cunanan executed a last will and testament dated August 27, 1979.
Both of these testamentary instruments were admitted to probate by this court on April 7, 1982 and letters testamentary were issued on April 7, 1982 to Rafael G. Cunanan, the alternate executor named in said wills.
The petitioner, Salud T. Vda. de Perez, mother of the deceased, Dr. Evelyn P. Cunanan, petitions this court for a construction of article VIII of the last will and testament of Dr. Jose F. Cunanan and a construction of article VIII of the last will and testament of Dr. Evelyn P. Cunanan, and to establish the legal heir or heirs of said Dr. Jose F. Cunanan and Dr. Evelyn P. Cunanan for purposes of distribution of estate assets.
In the construction of a will, it is fundamental that we look for the intention of the testator and testatrix (Matter of Kosek, 31 NY2d 475; Matter of Fabbri, 2 NY2d 236).
Dr. Jose F. Cunanan and Dr. Evelyn P. Cunanan are the sole primary beneficiaries of each other’s will.
Article VIII of the will of Dr. Jose F. Cunanan states: “If my wife, evelyn p. cunanan, and I shall die under such circumstances that there is not sufficient evidence to determine the order of our deaths, then it shall be presumed that I predeceased her, and my estate shall be administered and distributed, in all respects, in accordance with such presumption”.
Article VIII of the will of Dr. Evelyn P. Cunanan states: “If my husband, jóse f. cunanan, and I shall die under such circumstances that there is not sufficient evidence to determine the order of our deaths, then it shall be presumed that he predeceased me, and my estate shall be administered and distributed, in all respects, in accordance with such presumption”.
*258 There has been no evidence presented to this court to contradict that Mr. and Mrs. Cunanan and their three daughters died otherwise than simultaneously.
The problem presented when two or more persons die in a common disaster, there being no evidence as to the order of death, is an intricate one, not easily solved without recourse to arbitrary rules of law.
Absent a provision in the will, and where there is no evidence, or uncertain evidence, as to whether the testators or the objects of their gifts were first to die, EPTL 2-1.6 will control. This section re-enacts former section 89 of the Decedent Estate Law without change (revisers’ notes, McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.6, p 110).
The effect of EPTL 2-1.6 may be avoided by using a “Simultaneous Death” provision. EPTL 2-1.6 (subd [e]) provides in part: “This section shall not apply in the case of wills * * * wherein a provision other than that prescribed by this section has been made for the disposition of property.”
In Matter of Fowles (222 NY 222), it was held that the testator knew the law created no presumption as to the order of death and, therefore, indicated his wish under the circumstances. The testator’s intent would be given effect and the legacies to his wife passed to the executor of the wife under the provision.
Dr. Jose F. Cunanan’s will leaves everything to his wife, if she survives; otherwise, in trust for the children, with article VIII containing a “Common Disaster” clause. The executor of Dr. Jose F. Cunanan’s estate argues that since the decedent left brothers and sisters, and a nephew in the United States whom he named executor, it would be a tortured construction of his intent which would conclude he intended, if all five were killed in a common disaster, that his entire estate should end up in the hands of his mother-in-law.
The executor advises the court that the deceased husband’s assets are as follows:

*259

The executor claims the life insurance is governed by EPTL 2-1.6 (subd [d]) which provides that the proceeds shall be distributed as if the insured had survived the beneficiary; therefore, article VIII of the decedent’s will is not applicable to life insurance.
With respect to the jointly held property, the executor claims EPTL 2-1.6 (subd [c]) provides that property so held will be distributed one-half as if one survived, and one-half as if the other had survived.
The executor further claims only the remaining assets amounting to $34,487.18 (Nos. 1, 2 and 5 above) could be said to pass under the will, if, in fact, anything could be said to pass under the will.
He further contends that it would not offend any principle of law or equity for this court to determine that these estates are two intestate estates and that the only effective provisions of the wills are those appointing the executor.
EPTL 2-1.6 which affords distribution of property in “Common Disaster” cases removes the necessity of drawing tenuous findings and is a question of statutory construction for the courts to apply to the fact situation as the case may be (Conway and Bertsche, The New York Simultaneous Death Law, 13 Fordham L Rev 17, 40).
Since a number of issues have been raised by the executor and petitioner as to how this estate should be distributed, the court will discuss each separately in sections below.
As between husband and wife, there is no presumption that he survived her (Matter of Dukszta, 193 Misc 720, revd on other grounds 275 App Div 915).
ORDER OF DEATH
*260 In the absence of evidence to establish whether the husband or wife died first, the statute (EPTL 2-1.6, subd [a]) is applicable which provides that where devolution of property depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each shall be disposed of as if he had survived. The property of each is to be distributed as if he or she had survived (Matter of Dunham, 188 Misc 1026), except where a different disposition has been made by will (EPTL 2-1.6, subd [e]).
Therefore, in the absence of proof to the contrary, where several persons die in a common disaster, it will be presumed that these persons died simultaneously (Bierbrauer v Moran, 244 App Div 87; Matter of Meyron, 6 Misc 2d 673), and EPTL 2-1.6 will apply.
The wills of both Dr. and Mrs. Cunanan at article VIII of the respective wills have Dr. Evelyn P. Cunanan surviving her husband. Therefore, EPTL 2-1.6 (subds [a], [b], [c]), does not apply. EPTL 2-1.6 (subd [e]) states: “This section shall not apply in the case of wills * * * wherein a provision other than that, prescribed by this section has been made for the disposition of property.”
Since both Dr. and Mrs. Cunanan have made other provisions in their wills covering a “Common Disaster”, the wills as written would control and not the statute.
Therefore, Dr. Jose F. Cunanan’s testate assets pass to the executor of the estate of Dr. Evelyn P. Cunanan and are to be distributed in accordance with EPTL 4-1.1 (subd [a], par [4]).
INSURANCE
EPTL 2-1.6 (subd [d]) states: “Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary.”
The executor of Dr. Jose F. Cunanan argues that where the named beneficiary (here, the wife) dies in a “common disaster” with the insured (here, the husband), it is presumed under this section (EPTL 2-1.6, subd [d]), that the *261 beneficiary (here, the wife) predeceased the insured (here, the husband) and hence any benefits on account of his death would be payable to the executor of his estate.
The executor seems to be saying the distribution of the proceeds of the life insurance is governed by EPTL 2-1.6 (subd [d]) and should, therefore, be distributed to his brothers and sisters.
The executor also alleges that such disposition of the proceeds could be affected only by provisions effecting a different disposition contained in the contracts themselves and cites EPTL 2-1.6 (subd [e]) to stand for this position.
The court does not agree that the law as applied to the case at bar would give the result the executor claims.
EPTL 2-1.6 (subd [d]) specifically deals with the simultaneous deaths of insured and beneficiary.
EPTL 2-1.6 (subds [a], [b], [c]) govern the distribution of property belonging to the deceased at the time of death.
It is not until the insured dies that the proceeds of the policy come into existence. The beneficiaries secure their money from the insurance company and not from the insured who designated them (Ward v New York Life Ins. Co., 225 NY 314, 319).
The provisions contained in EPTL 2-1.6 (subds [a], [b], [c] ) would not apply to the distribution of the proceeds of life insurance. The fourth subdivision, EPTL 2-1.6 (subd [d] ) deals with this problem.
We now look at the policy provisions as they pertain to EPTL 2-1.6 (subd [e]).
Are there any provisions in the policy contract that would remove the proceeds from EPTL 2-1.6 (subd [d])?
The answer is “no”; therefore, EPTL 2-1.6 (subd [d]) applies.
EPTL 2-1.6 (subd [d]) tells us the proceeds of the policy shall be distributed as if the insured had survived the beneficiary. The policy further states that if the beneficiary predeceases the insured, the proceeds are to be paid to the insured’s estate. We now have an asset in the insured’s estate which passes under the will.
*262 The court finds that the estates of Dr. Jose F. Cunanan and Dr. Evelyn P. Cunanan should be distributed as follows:
(a) Dr. Jose F. Cunanan, Dr. Evelyn P. Cunanan, husband and wife, and Jocelyn, Jacqueline and Josephine Cunanan, their three children, all died in a “common disaster”.
(b) Dr. Jose F. Cunanan and Dr. Evelyn P. Cunanan both died testate.
(c) Dr. Jose F. Cunanan’s and Dr. Evelyn P. Cunanan’s wills both contained a clause, “Article VIII” of their respective wills, which sets forth that Dr. Jose F. Cunanan, the husband, shall be presumed to predecease the wife and their estates are to be distributed in all respects in accordance with such presumption.
(d) EPTL 2-1.6 (subds [a], [b], [c]) does not apply to the estates of Dr. Jose F. Cunanan and Dr. Evelyn P. Cunanan (see EPTL 2-1.6, subd [e]).
(e) The insurance proceeds of Dr. Jose F. Cunanan are payable to the executor of Dr. Evelyn P. Cunanan’s estate per EPTL 2-1.6 (subd [d]).
All assets are payable to Dr. Evelyn P. Cunanan’s executor to be then distributed pursuant to EPTL 4-1.i (subd [a], par [4]).
The executor also raises the question of an agreement to settle and divide equally the estates of the deceased, Dr. Jose F. Cunanan and Evelyn Perez Cunanan, dated November 24, 1982, and signed by all interested parties.
The attorney for the petitioner in this proceeding in his brief makes no mention of this agreement and in his argument treats it as if it does not exist.
The court by this decision does not pass on the validity of said agreement dated November 24, 1982, and hereby enjoins the executor from distributing any funds without prior court approval until the effect of said agreement is determined by this court.