■ POPLAR DISPOSAL SERVICE, INC., et al., Respondents, and PAVILION STATE BANK, Intervenor-Respondent, v ROBERT T. ROTH et al., Appellants. — Judgment and order unanimously affirmed, without costs. Memorandum: The jury's verdict was well within the range of testimony presented and should not be disturbed on appeal, particularly since valuation of the business rested primarily upon the credibility of the experts and their valuation techniques (see, e.g., *Beechey v De Sorbo,* 53 AD2d 727). While defendants would have been entitled to an instruction that proof of plaintiffs' own estimate of the business' value, as evidenced by their May, 1980 proposal, should be accorded great weight subject to explanation (see, e.g., *Matter of Tillman,* 259 NY 133; *Prager v New Jersey Fid. & Plate Glass Ins. Co.,* 245 NY 1; *Smith v Brocton Preserving Co.,* 251 App Div 102, 104), their failure to request such an instruction precludes them from arguing on appeal that the jury's verdict is excessive solely because it considerably exceeds plaintiffs' proposal (see, e.g., *Moore v Leaseway Transp. Corp.,* 49 NY2d 720, 722; *Wallace v City of New York,* 86 AD2d 510, 511; *Wozniak v 110 South Main St. Land & Dev. Improvement Corp.,* 61 AD2d 848, 849). (Appeal from judgment and order of Supreme Court, Monroe County, John J. Conway, J. — contract.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.

■ In the Matter of the Estate of JOSE F. CUNANAN, Deceased. In the Matter of the Estate of EVELYN P. CUNANAN, Deceased. SALUD T. VDA DE PEREZ, Respondent; RAFAEL G. CUNANAN, Appellant. — Case held, decision reserved and matter remitted to Onondaga County Surrogate's Court for further proceedings, in accordance with the following memorandum: In this will construction proceeding, the executor appeals from a Surrogate's decree determining the distribution of assets under the wills of two decedents, husband and wife, who, with their children, died in a common disaster. ¶ The record on appeal contains an agreement, dated November 24, 1982, between the distributees of the husband and the sole distributee of the wife, which purports to settle the dispute and divide the assets of these estates. Respondent's answer alleges that, in consideration of the settlement agreement, the executor already had paid to petitioner as partial distribution the sum of $215,000. Relying upon the agreement, the answer sought denial of the petition for construction of the wills. ¶ In his decision, the Surrogate specifically declined to pass upon the validity of the agreement but decreed "that the executor be enjoined from distributing any funds without prior court approval until the validity of an agreement dated November 24, 1982 is determined by the Court." ¶ In our view, it was inappropriate for the Surrogate to construe the wills without first determining the validity and effect of the settlement agreement. The matter is remitted to the Surrogate for further proceedings and for determination of those issues. (Appeal from decree of Onondaga County Surrogate's Court, Reagan, S. — will construction.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ. [119 Misc 2d 256.]