■ In the Matter of the Dissolution of NORTH STAR ELECTRICAL CONTRACTING—N.Y.C. CORP. WILLIAM T. McSPEDON, Respondent-Appellant; NORTH STAR CONTRACTING CORP. et al., Appellants-Respondents.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered September 17, 1990, which, *inter alia,* after a non-jury trial, adjudged the fair market value of North Star Electrical Contracting— N.Y.C. Corp., as of March 20, 1987, to be $8,022,080, awarded petitioner a 25% share of that fair market value, with interest, totalling $2,415,946.56, and awarded petitioner back salary, with interest, costs and disbursements, totalling $91,950.79, unanimously affirmed, without costs.

Petitioner and respondent Joseph Lovece as Chief Operating Officer of respondent North Star Contracting Corp., jointly formed North Star Electrical Contracting—N.Y.C. Corp. ("the subject corporation") in 1984. After a dispute between them resulted in the initiation of a proceeding for judicial dissolution of the subject corporation, the parties stipulated to proceed as if the petitioner's employment had been terminated, which entitled the petitioner to sell his 25% interest in the subject corporation for fair market value. By the terms of the stipulation, the fair market value was to be determined by the court, along with related issues including petitioner's claim for back salary.

Generally, the conclusions of a fact-finding court should not be disturbed on appeal unless it is obvious that they could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses *(Claridge Gardens v Menotti,* 160 AD2d 544). The determination of a

fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques *(see, Poplar Disposal Serv. v Roth,* 103 AD2d 1039). The determinations of the IAS court are supported by the record, and the contrary interpretations of fact and credibility offered by the parties on appeal do not justify disturbing those determinations.

The IAS court correctly valued the subject corporation as an ongoing business, rather than as a business in the process of liquidation *(Matter of Seagroatt Floral Co. [Riccardi],* 167 AD2d 586). Further, it was proper to limit inquiry to the time prior to the valuation date on which the parties agreed *(see, Matter of Public Relations Aids,* 109 AD2d 502).

We have considered the remaining arguments of the parties, and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Smith, JJ.