■ ROCHA TOUSSIER Y ASOCIADOS, S.C., Respondent, v RODRIGO R. RIVERO et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered March 21, 1991, declaring that plaintiff is the legal and beneficial owner of 100% of the issued and outstanding shares of IMG Services, Inc., and has standing as a shareholder to bring this action, unanimously affirmed, with costs.

We agree with the IAS court's conclusion that plaintiff was a shareholder of IMG Services at the time of bringing the action and at the time of the transaction of which it complains, satisfying the rigorously enforced "contemporaneous ownership" rule of Business Corporation Law § 626 (b) (Independent Investor Protective League v Time, Inc., 50 NY2d 259, 263). Disputed but credible evidence shows that, contemporaneously with or prior to the issuance of each of four certificates of stock, plaintiff provided the services of one of its officers in organizing IMG Services' predecessor corporation, provided IMG Services and its predecessor with business opportunities, and paid the debts of IMG Services and its predecessor in an amount exceeding the par value of the issued shares. When IMG Services demanded the return of the shares, the response was an assertion by one of the plaintiff's principals (an individual defendant herein) that consideration for the shares had been given in the form of services and payment of expenses. It was only later, after an offshore holding company had been created with this same individual defendant as its head, that he reversed himself and returned the issued shares, which were purportedly cancelled and

immediately reissued to that holding company. While the mere existence, or nonexistence, of certificates of stock is not determinative of shareholder status *(see, Matter of Rappaport [Jileen Sec. Corp.],* 110 AD2d 639), our scope of review is limited. On a bench trial, the findings of the trial court should not be disturbed unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses *(Thoreson v Penthouse Intl.,* 179 AD2d 29). We have reviewed defendants' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.