■ In the Matter of the Dissolution of PENEPENT CORPORATION, INC. RICHARD S. PENEPENT, Appellant; PHILIP A. PENEPENT, Respondent. (Appeal No. 8.) [605 NYS2d 986] —Appeal unanimously dismissed without costs (see, Matter of Anonymous v New York City Health & Hosps. Corp., 70 NY2d 972; People ex rel. Moore v Dalsheim, 81 AD2d 844). (Appeal from Order of Supreme Court, Genesee County, Morton, J.—Modify Court Order.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.

■ In the Matter of the Dissolution of PENEPENT CORPORATION, INC. RICHARD S. PENEPENT, Appellant; PHILIP A. PENEPENT, Respondent. (Appeal No. 11.) [605 NYS2d 691] —Judgment unanimously affirmed without costs. Memorandum: The parties, petitioner Philip A. Penepent and respondent Richard S. Penepent, were shareholders in Penepent Corporation, a closely held corporation started by their father in 1937. The stock in the corporation was owned in equal shares by the parties and their brothers, Angelo and Francis Penepent.

In 1990, the parties became embroiled in a controversy involving the management of the corporation, and petitioner filed a petition for dissolution pursuant to Business Corporation Law § 1104-a. Respondent elected to purchase petitioner's

shares under Business Corporation Law § 1118, but the parties were unable to agree upon a price. Supreme Court stayed the dissolution proceeding and held a hearing to ascertain the fair value of petitioner's shares *(see,* Business Corporation Law § 1118 [b]). After hearing extensive proof, including the testimony of both parties' valuation experts, the court determined the fair value of petitioner's shares to be $349,033.41, less a surcharge in the amount of $12,250.

Supreme Court's valuation of Penepent Corporation and of petitioner's shares is supported by the evidence in the record, and respondent's contrary interpretations of fact and credibility do not warrant disturbing the court's determinations *(see, Rocha Toussier y Asociados v Rivero,* 184 AD2d 397; *Matter of North Star Elec. Contr.—N.Y.C. Corp.,* 174 AD2d 373, *lv denied* 79 NY2d 752). "The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" *(Matter of North Star Elec. Contr.—N.Y.C. Corp., supra,* at 373-374, citing *Poplar Disposal Serv. v Roth,* 103 AD2d 1039).

The court properly granted petitioner's motion to restrain respondent from using corporate funds to pay for professional services engaged in this proceeding *(see, Matter of Reinschrieber [Lipp],* 70 AD2d 596; *Matter of Cantelmo [Brewer-Cantelmo Co.—Daru, Vischi & Winter],* 278 App Div 800; *cf., Matter of Public Relations Aids,* 109 AD2d 502, 511).

The court properly exercised its discretion in awarding interest on the fair value of petitioner's shares *(see,* Business Corporation Law § 1118 [b]; *Matter of Fleischer,* 107 AD2d 97, 101) and in declining to impose "terms and conditions" on respondent's purchase of petitioner's shares *(see,* Business Corporation Law § 1118 [a]; *Matter of Taines v Gene Barry One Hour Photo Process,* 123 Misc 2d 529, 538, *affd* 108 AD2d 630, *lv denied* 67 NY2d 602). (Appeal from Judgment of Supreme Court, Genesee County, Morton, J.—Stock Valuation.) Present —Green, J. P., Pine, Lawton, Fallon and Davis, JJ.