■ Tikva Kuperman, Appellant, v John F. Waller, M.D., Respondent. [762 NYS2d 804] —Judgment, Supreme Court, New York County (Elliott Wilk, J., and a jury), entered March 15, 2001, in a medical malpractice action, dismissing the complaint, unanimously affirmed, without costs.

A first trial in this matter resulted in a mistrial because of plaintiff's failure to exchange her medical expert's report and her attorney's flagrant and persistent disregard of the resulting court directive not to question the expert about his physical examination of plaintiff. At the second trial, the trial court, in order to prevent plaintiff from profiting from this misconduct, properly precluded the expert from testifying about his physical examination of plaintiff. Another report that plaintiff failed to exchange, and which plaintiff's subsequent treating physician did not rely on in his treatment of plaintiff, was properly excluded as hearsay (cf. Freeman v Kirkland, 184 AD2d 331 [1992]).

The record is unclear whether plaintiff requested a charge on defendant's liability for any aggravation of injuries caused by subsequent treating physicians. In any event, plaintiff failed to except to the charge on this basis, or on the basis of the court's failure to marshal the evidence. Accordingly, these points are not preserved for appellate review (see Wallace v City of New York, 86 AD2d 510 [1982]). We have considered and rejected plaintiff's other arguments. Concur—Mazzarelli, J.P., Sullivan, Ellerin and Gonzalez, JJ.

■ The People of the State of New York, Respondent, v Charles Bennett, Appellant. [762 NYS2d 805] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered January 24, 2002, convicting defendant, upon his plea of guilty, of enterprise corruption, and sentencing him to a term of 2½ to 7½ years, unanimously affirmed.

Defendant's claim that the People violated the terms of his cooperation agreement and guilty plea is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no such violation. The People fully complied with their promise to inform the sentencing court of defendant's cooperation, and they never agreed to refrain from making any other comments bearing on defendant's sentence. Furthermore, nothing in the People's remarks could be viewed as urging the sentencing court to disregard or discount defendant's cooperation.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.