■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HONIGMAN, Appellant. [781 NYS2d 735]—

Judgment, Supreme Court, New York County (William Wetzel, J.), rendered January 25, 2002, convicting defendant, upon his plea of guilty, of enterprise corruption, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant's claim that the People's sentencing comments were contrary to the plea agreement is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the People fully complied with their obligations under the terms of the agreement, and that they never made any implied promises with regard to the position they would take at sentencing (*see People v Bennett*, 307 AD2d 810 [2003], *lv denied* 1 NY3d 539 [2003]; *see also Santobello v New York*, 404 US 257 [1971]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ARAUJO, Appellant. [782 NYS2d 32]—

Judgment, Supreme Court, New York County (Herbert Adlerberg, J., at suppression hearing; James A. Yates, J., at plea and sentence), rendered October 10, 2001, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of three years to life, unanimously affirmed.

The record establishes that after consultation with counsel, defendant executed a valid written waiver of his right to appeal (*People v Moissett*, 76 NY2d 909 [1990]). Accordingly, review of defendant's suppression motion is foreclosed. In any event, were we to find that defendant's waiver was invalid, we would find that the court properly denied defendant's motion to suppress. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.