■ In the Matter of EILEEN KORNFELD, Respondent, v MARTIN KORNFELD, Appellant. (And Another Proceeding.) [638 NYS2d 680] —In two support proceedings pursuant to Family Court Act article 4, the father appeals (1) as limited by his brief, from so much of an order of the Family Court, Nassau County (Watson, H.E.), dated February 9, 1993, as denied his petition for maintenance and directed him to pay child support of $74.64 a week and arrears of $3,060.24 and (2) from an order of the same court (Medowar, J.), dated June 24, 1993, which denied his objections to the order dated February 9, 1993.

Ordered that the order dated February 9, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 24, 1993, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (*Wilner v Wilner*, 192 AD2d 524; *Loeb v Loeb*, 186 AD2d 174). The Family

Court's denial of maintenance to both parties and its award to the mother of child support of $74.64 per week and arrears of $3,060.24 is supported by the evidence that was adduced at the hearing and is not an improvident exercise of discretion. A temporary order of support was issued by the Family Court requiring the father to pay child support for his son; yet he made no child support payments. The mother is currently employed as a social worker in a hospital and lives in the former marital residence, which she owns jointly with her former husband. The Family Court found that the mother would have no money to pay maintenance after paying her monthly expenses. The father, although unemployed, is presumed to be able to earn income given his college degree and retail sales experience (*see,* Family Ct Act § 437). Thus, the Family Court's determination was proper. Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.