■ MADELINE DEMPSTER, Respondent-Appellant, v GEORGE G. DEMPSTER, Appellant-Respondent. [654 NYS2d 653] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Nassau County (Roberto, J.), entered September 15, 1995, as (1) awarded the wife a distributive award of $2,092,000, plus statutory interest, representing 50% of the valuation of his business, (2) awarded the wife a distributive award of $75,000, representing 50% of a loan from the husband's business and used toward the purchase of a Florida condominium, and (3) amended a judgment of the same court dated May 22, 1992, by deleting the four-year durational limitation on the monthly maintenance payment to be made to the wife. The plaintiff wife cross-appeals from so much of the same amended judgment as failed to award her 50% of the amount of two loans from the husband's business and failed to award her expert and attorneys' fees.

Ordered that the amended judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The court did not err in accepting an independent expert's valuation of the husband's business and awarding the wife a distributive award representing half of that amount. In a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered evidence was most credible are matters committed to the trial court's sound discretion (see, Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.], 205 AD2d 925, 926). There is no uniform rule for fixing the value of a going business for equitable distribution purposes, and valuation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony (see, Burns v Burns, 84 NY2d 369, 375). " 'The determination of a fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques' " (Matter of Penepent Corp., 198 AD2d 782, 783; see, Matter of North Star Elec. Contr.-N. Y. C. Corp., 174 AD2d 373, 373-374; Poplar Disposal Serv. v Roth, 103 AD2d 1039). Here, the record supports the court's conclusion as to the valuation of the husband's business.

The determinations of the Appellate Division, Fourth Department (see, Dempster v Dempster, 204 AD2d 1070), that the wife is entitled to an additional distributive award of $75,000 representing half of the amount of a loan made to the

husband by his business and used toward the purchase of a Florida condominium, and in granting her lifetime maintenance, are law of the case (*see, Dondi v Jones,* 40 NY2d 8; *Vedic Heritage v Patel,* 232 AD2d 477; *Corporate Prop. Investors v Board of Assessors,* 203 AD2d 317; *Carole A. v City of New York,* 169 AD2d 800, 801). Accordingly, the husband is precluded from challenging those determinations before this Court.

The court did not improvidently exercise its discretion in denying the wife's application for expert and attorneys' fees (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). The distributive award made to her is sufficient to enable her to pay these litigation expenses (*see,* Domestic Relations Law § 237 [a]; *Morton v Morton,* 130 AD2d 558, 559).

The remaining contentions of the parties do not require modification of the amended judgment. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.