■ Lucille B. L'Esperance, Respondent-Appellant, v Richard C. L'Esperance, Appellant-Respondent. [663 NYS2d 95] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated January 26, 1996, which, inter alia, after a nonjury trial, awarded the plaintiff wife 40% of the value of his share of a business, denied his request for certain financial credits with regard to the marital residence, and awarded the wife all of the contested

jewelry. The plaintiff wife cross-appeals from stated portions of the same judgment which, *inter alia*, found the value of the husband's business to be $1,950,000 and awarded her only a 40% distribution of the value of his share in that business, denied her requests for certain financial credits with regard to the marital residence, and limited the award of maintenance to $1,500 per month for a 10-year period.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the husband's contentions, it was not an improvident exercise of discretion for the trial court to rely upon the opinion of the wife's expert regarding the value of his business. In a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered items of evidence are most credible are matters committed to the trial court's sound discretion (*see, Dempster v Dempster,* 236 AD2d 582; *Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.],* 205 AD2d 925, 926). There is no uniform rule for fixing the value of a going business for the purpose of equitable distribution. Valuation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony (*see, Burns v Burns,* 84 NY2d 369, 375; *Miness v Miness,* 229 AD2d 520). The determination of the fact-finder as to the value of a business, if within the range of the testimony presented, will not be disturbed on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques (*see, Dempster v Dempster, supra*). Here, the record supports the trial court's determination as to the value of the husband's business.

The husband further contends that the court improperly awarded the wife 40% of the value of his interest in Century Elevator. Inasmuch as the parties were married for 19 years as of the date of commencement of the action, and given the wife's contributions as spouse, parent, temporary wage earner, and homemaker, the court's award was appropriate (*see,* Domestic Relations Law § 236 [B] [5] [d] [6]; *Kalisch v Kalisch,* 184 AD2d 751, 753-754).

The trial court properly considered all of the relevant factors before awarding maintenance to the wife, and neither the amount nor the duration of the award was an improvident exercise of discretion (*see, Hartog v Hartog,* 85 NY2d 36; *O'Shea v O'Shea,* 237 AD2d 499; *Hogue v Hogue,* 225 AD2d 731).

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.