■ JUDITH O'SULLIVAN, Respondent, v KIERAN O'SULLIVAN, Appellant. [670 NYS2d 38] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated October 18, 1996, which, *inter alia,* (1) directed the wife to pay him maintenance in the sum of only $100 per week until October 11, 1996, (2) directed him to pay the costs and expenses associated with his own medical care and treatment, with the wife's obligation limited to providing the requisite insurance forms through her employer, and (3) made an equitable distribution of the parties' marital property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the husband's contention, the record fully supports the Supreme Court's finding that he wastefully dissipated marital assets. It is well settled that the wasteful dissipation of assets by either spouse is one of the factors which may be considered in determining equitable distribution of marital property (*see, Wilner v Wilner,* 192 AD2d 524; Domestic Relations Law § 236 [B] [5] [d] [11]). Under the circumstances of this case, the Supreme Court did not err in its distribution of the remaining marital assets (*see, Wilner v Wilner, supra; Berrios v Berrios,* 159 AD2d 401, 403).

Equally unavailing is the husband's contention that the Supreme Court erred in its determination of maintenance. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (*see, Matter of Kornfeld v Kornfeld,* 224 AD2d 620; *Wilner v Wilner, supra*). Here, the Supreme Court's award to the husband of limited durational maintenance was not an improvident exercise of discretion. While the husband testified that his health was failing and that he was on medication, all other evidence at trial, as well as the manner in which the husband represented himself, indicated that he had recovered from earlier surgery, was in good health, and was able to work as an attorney. Accordingly,

the record supports the Supreme Court's determination that the husband was capable of earning $14,000 to $20,000 a year from the practice of law (*see, Matter of Kornfeld v Kornfeld, supra*).

The husband's remaining contentions are without merit. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.