■ ALAN FERRARO, Appellant-Respondent, v THERESA FERRARO, Respondent-Appellant. LAW FIRM OF JOEL R. BRANDES, P. C., Nonparty Respondent-Appellant. [684 NYS2d 274] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Coppola, J.), dated May 31, 1996, which, *inter alia*, (1) awarded the defendant wife $450,000, representing one-half the value of his interest in A.J. Land Development Corporation, (2) awarded the wife the sum of $1,300 per month in maintenance retroactive to March 11, 1994, and for five years from the date of the judgment, (3) awarded the wife the sum of $150,000 to reimburse

her for living expenses incurred during the litigation which the plaintiff had been ordered to pay as part of a pendente lite order, (4) awarded the wife $212,000 as an attorney's fee, and (5) misstated the date of birth of the parties' son, the wife cross-appeals, as limited by her brief, from stated portions of the same judgment which, *inter alia*, (1) valued the husband's interest in A.J. Land Development Corporation at only $900,000, (2) failed to accept her expert's valuation testimony with regard to the value of the husband's business, (3) failed to make a distributive award based on the marital residence, (4) awarded only $13,000 a month in durational maintenance, and (5) awarded the husband and wife joint custody of the parties' child, and the wife's trial counsel, Law Firm of Joel R. Brandes, P. C., separately appeals, as limited by its notice of appeal, on the ground of inadequacy, from so much of the same judgment as awarded it only the sum of $212,000 as an attorney's fee.

Ordered that the judgment is modified, on the facts, by deleting from the second decretal paragraph thereof the year "1987" and substituting therefor the year "1988"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Domestic Relations Law § 236 (B) (5) (d) (12) provides that in determining the equitable distribution of marital property, the court may consider "any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration". Here, the evidence adduced at trial supported the court's conclusion that the transfer of the plaintiff's interest in A.J. Land Development Corporation to a trust for the parties' son, some two months before the commencement of this action, was made in contemplation of the matrimonial action and in order to remove the asset from his holdings. Although both parties challenge the court's valuation of this asset, we decline to disturb that determination on appeal. Similarly, the evidence before the trial court was sufficient to support its conclusion that the pension plan distribution made to the plaintiff's mother constituted a wasteful dissipation of a marital asset within the meaning of Domestic Relations Law § 236 (B) (5) (d) (11).

The amount and duration of maintenance to be awarded in a divorce action is a matter committed to the sound discretion of the trial court (*see, O'Sullivan v O'Sullivan,* 247 AD2d 597; *Matter of Kornfeld v Kornfeld,* 224 AD2d 620). Here, the court properly concluded that the defendant, who was 40 years old at the time of trial and whose last employment outside the home was eight years earlier as a promotional model at

Neiman Marcus, was in need of rehabilitative maintenance to become self-supporting (*see, Sperling v Sperling,* 165 AD2d 338). Under the circumstances of this case, the amount and duration of maintenance awarded to the defendant were neither excessive nor inadequate.

The award of reasonable counsel fees is a matter committed to the sound discretion of the trial court and is controlled by the equities of the case and the financial circumstances of the parties (*see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Lee v Oi Wa Chan,* 245 AD2d 270). Here, considering the disparity in the parties' resources and the size of the distributive award to the defendant, it cannot be said that the court improvidently exercised its discretion in requiring the plaintiff to pay the sum of $212,000 as reasonable counsel fees to the defendant's attorney. Nor do we find the total amount of the award to be either excessive as the plaintiff contends, or inadequate as the nonparty law firm maintains.

The defendant's contention that the court erred in rejecting the valuation testimony of her expert must fail. In a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered evidence was most credible are matters committed to the trial court's sound discretion (*see, Matter of Adirondack Hydro Dev. Corp.,* 205 AD2d 925, 926). "The determination of a fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (*Dempster v Dempster,* 236 AD2d 582, quoting *Matter of Penepent Corp.,* 198 AD2d 782, 783).

The parties agree that the judgment of divorce incorrectly states the year of birth of the parties' son. We, therefore, have modified the judgment accordingly.

The remaining contentions of the parties are without merit or do not warrant modification of the judgment. Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.