■ In the Matter of MICHAEL R. KUHN, Appellant, v THERESA BOVIER, Respondent. [701 NYS2d 748] —Crew III, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered April 28, 1998, which, in a proceeding pursuant to Family Court Act article 4, modified petitioner's child support obligation and awarded respondent a money judgment for arrearages.

It appears that pursuant to a March 1995 order incorporating a stipulation entered into between the parties, petitioner was directed to, *inter alia*, pay $163 per week in child support for his four minor children. Petitioner ceased making such payments in August 1996 and, two months later, began making child support payments in the amount of $50 per week. One year later, in October 1997, petitioner sought a downward modification of his child support obligation to the $50 per week figure and respondent cross-petitioned for arrearages. Family Court modified petitioner's child support obligation and reduced the sum to be paid to $148 per week and awarded respondent arrearages in the sum of $12,655. This appeal by petitioner ensued.

Although petitioner argued that his wholly owned business, which he operated in corporate form, suffered a significant loss of income during the relevant time period and that such loss, in turn, provided a valid basis for a downward modification of his child support obligation, petitioner conceded that the corporation continued to pay him a salary and that his income has remained unchanged since 1995. Additionally, the record reflects that the corporation paid all of petitioner's living expenses except food and clothing. Under such circumstances, we cannot say that petitioner met his burden of demonstrating a substantial change in circumstances warranting modification of his child support obligation (*see generally, Matter of Slack v Slack*, 215 AD2d 798, 799).

Nor are we persuaded that Family Court erred in imputing additional income to petitioner beyond the salary paid by the corporation. As noted previously, the corporation paid almost all of petitioner's living expenses (*see, Matter of Klein v Klein,*

251 AD2d 733, 735) and had retained earnings for which there was no business explanation. Accordingly, we perceive no abuse of Family Court's discretion in this regard. The parties' remaining contentions, including respondent's assertion that petitioner should be sanctioned for frivolous conduct, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Carpinello and Mugglin JJ., concur. Ordered that the order is affirmed, without costs.