■ In the Matter of JACEDA WEST, Respondent, v JOHN MARCHLOWSKA, Appellant. [706 NYS2d 272] —Spain, J. P. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered February 5, 1999, which denied respondent's ap-

plication, in a proceeding pursuant to Family Court Act article 4, for modification of a prior support order.

Petitioner and respondent, who were never married, are the parents of a child born in 1996. In July 1997, during the pendency of his divorce from his former wife, respondent entered into a stipulation whereby he agreed to transfer certain assets, including monthly income derived from pension benefits and disability payments, to his former wife upon their divorce. Thereafter, in October 1997, an order of support was entered directing respondent to pay petitioner $642.18 per month in support for the child and that order was not appealed. In May 1998, respondent sought a downward modification of his child support obligation, alleging that the actual transfer of his pension benefits and disability payments to his former wife pursuant to the equitable distribution award—ultimately made by Supreme Court in the February 1998 judgment of divorce—constituted a change in circumstances. Family Court denied respondent's objections to the Hearing Examiner's determination dismissing the application. Respondent appeals.

We affirm. According due deference to the findings of the Hearing Examiner and Family Court as we are required to do (see, Matter of Franklin v Franklin, 268 AD2d 814), we conclude that respondent failed to meet his burden of demonstrating a substantial change in circumstances warranting a downward modification of his child support obligation (see, Matter of Kuhn v Bovier, 268 AD2d 806; Matter of Lutsic v Lutsic, 245 AD2d 637, 638). Here, at the time the child support obligation was initially computed in 1997, the Hearing Examiner was aware that respondent had stipulated to the future transfer of income derived from the pension benefits and disability payments to his former spouse upon their divorce, but expressly declined to deduct such amounts from respondent's income when calculating his child support obligation. Because the decrease in respondent's income was anticipated and considered by the Hearing Examiner at the outset, the fact that the anticipated decrease in income actually occurred upon respondent's subsequent divorce does not provide the necessary change in circumstances sufficient to justify a decrease in respondent's child support obligation (see, Matter of Kuhn v Bovier, supra; Matter of Lunman v Lomanto, 239 AD2d 770, 771). Accordingly, respondent's application was properly denied. We have considered respondent's remaining argument that Family Court lacked authority to issue the order of support and find it to be lacking in merit.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.