■ ELAINE M. JOHNSON, Appellant, v ROBERT P. JOHNSON, Respondent. [715 NYS2d 561] —Order and supplemental judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced an action for divorce in 1991. Following the trial in 1994, Supreme Court granted plaintiff a divorce, awarded plaintiff custody of the parties' minor child and distributed the property. We modified the judgment upon plaintiff's appeal therefrom by vacating the decretal paragraphs determining the respective rights of the parties in the property and awarding child support (*Johnson v Johnson,* 227 AD2d 948, 949). We remitted the matter to Supreme Court " 'for ap-

propriate findings of fact and conclusions of law and for further proof on equitable distribution and [child support] if the court is so advised' " (*Johnson v Johnson, supra,* at 949, quoting *Hanford v Hanford,* 91 AD2d 829, 830). On remittal the court accepted updated statements of net worth from both parties, an affidavit from plaintiff concerning equitable distribution, and a statement and an affidavit from defendant's accountant concerning defendant's 1997 and 1998 income. Plaintiff objected to the use of the accountant's information on the ground that she had not been afforded an opportunity to cross-examine the accountant and present evidence in rebuttal, and she requested the opportunity to do so. Plaintiff further requested that the court schedule a hearing so that she could present further evidence on the fair rental value of the parties' commercial building. The court denied plaintiff's requests, stating that it had sufficient information to issue findings of fact and conclusions of law without taking any additional testimony. Thereafter, the court issued an order and supplemental judgment of divorce, from which this appeal is taken.

The court's distribution of the parties' property was properly based on the evidence at the trial and the court properly disregarded the additional evidence submitted with respect to equitable distribution. The child support award, however, was based on new net worth statements and a statement from defendant's accountant concerning the years 1997 and 1998. The court erred in denying plaintiff's request to cross-examine defendant's accountant with respect to those documents (*see generally, Matter of Friedel v Board of Regents,* 296 NY 347, 352, *mot to amend remittitur granted* 297 NY 585). We therefore modify the order and supplemental judgment by vacating the first ordering and decretal paragraph awarding child support, and we again remit the matter to Supreme Court to determine defendant's child support obligation, after affording the parties the opportunity to cross-examine the authors of documents relied on to establish the parties' incomes. Only then should the court determine whether to accept those figures for purposes of determining defendant's child support obligation.

Contrary to plaintiff's contentions, the court adequately set forth the factors it considered and the reasons for its distribution of the parties' property and the valuation of the marital residence (*see,* Domestic Relations Law § 236 [B] [5] [g]). "The fact that the court did not cite every factor and address each self-serving claim of the parties is not dispositive" (*Butler v Butler,* 256 AD2d 1041, 1042, *lv denied* 93 NY2d 805). We

likewise reject plaintiff's contention that the record does not support the court's valuation of the marital residence. The court's valuation "is within the range of expert testimony and adequately supported by the record" (*Charland v Charland*, 267 AD2d 698, 700; *see, Urtis v Urtis*, 181 AD2d 1001, 1004).

The court's determination that the marital residence constitutes marital property is supported by the record. Defendant testified that the marital property was purchased with joint funds and that both parties were responsible for the mortgage; that both parties contributed to the major improvements to the marital residence; and that title was placed in plaintiff's name for convenience only. Although plaintiff testified otherwise, "[i]n a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered evidence was most credible are matters committed to the trial court's sound discretion" (*Ferraro v Ferraro*, 257 AD2d 596, 598, *lv denied* 93 NY2d 803; *see, Dempster v Dempster*, 236 AD2d 582, *lv denied* 90 NY2d 806). Having properly concluded that the marital residence was purchased with joint funds, the court also properly determined that the entire value of the residence, including any appreciation of the value of the residence, was joint property (*see, e.g., Murphy v Murphy*, 193 AD2d 1068, 1069; *Derderian v Derderian*, 167 AD2d 158, *lv denied* 77 NY2d 804). The court therefore properly declined to credit plaintiff for her share of the joint funds used to purchase the property and did not abuse its discretion in ordering the sale of the property.

We reject the contention of plaintiff that she was entitled to a credit for her alleged contribution to the purchase of the land for the commercial property. The court credited defendant's testimony that plaintiff's father purchased the land as a gift for the parties. Further, title to the land was ultimately placed in both parties' names. The parties obtained three mortgages to fund the construction of a commercial building on that property. Two were secured by the marital residence and one was secured by the commercial building itself. During the pendency of this action, the parties each made payments on the various mortgages. Plaintiff further contends that the court erred in failing to credit her with the interest payments she made on the mortgages secured by the marital residence. We reject that contention. Plaintiff was residing in the marital residence and defendant was residing in an apartment in the commercial building, and thus both parties were residing in marital property without paying rent. The court properly concluded that the interest payments each made on the mortgages constituted occupancy costs and that defendant's costs offset plaintiff's

costs. Thus, each party was properly credited with half of the principal paid on the mortgages.

The court also properly refused to credit plaintiff with half of the rental income and insurance proceeds from the parties' commercial property. The court credited the testimony of defendant's accountant that the building did not generate net income because the operating costs exceeded the rental income, leaving nothing to be distributed. Although the court failed to address the insurance proceeds, this Court has the authority to make the required findings concerning those proceeds (*see, Cappiello v Cappiello*, 66 NY2d 107, 110, *rearg denied* 67 NY2d 647; *Majauskas v Majauskas*, 61 NY2d 481, 493-494). The insurance proceeds were obtained as a result of water damage from a leak, and are not subject to equitable distribution because the building will have to be repaired.

Contrary to plaintiff's further contention, the court properly concluded that defendant's insurance agency had no value at the time the action was commenced. "[G]enerally a business is valued as of the date of the commencement of the action [for divorce]" (*LaBarre v LaBarre*, 251 AD2d 1008; *see, Panasci v Panasci*, 187 AD2d 928, 929). Thus, the subsequent sale of the business for a profit in 1995 is irrelevant. "The determination of a fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (*Matter of North Star Elec. Contr.—N.Y.C. Corp.*, 174 AD2d 373, 373-374, *lv denied* 79 NY2d 752; *see, Dempster v Dempster, supra*, at 582; *Matter of Penepent Corp.*, 198 AD2d 782, 783; *see also, Burns v Burns*, 84 NY2d 369, 375). The court credited the conclusion of defendant's expert that the small and relatively new business, which relied primarily on defendant's efforts, had no monetary value. (Appeal from Order and Supplemental Judgment of Supreme Court, Oneida County, Tenney, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.