■ LORRAINE BUCHSBAUM, Appellant-Respondent, v FRANK BUCHSBAUM, Respondent-Appellant. [740 NYS2d 359] —In a matrimonial action in which the parties were divorced by judgment dated March 30, 1997, the plaintiff former wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Jonas, J.), entered December 22, 2000, which, after a nonjury trial, inter alia, awarded her $6,000 per month in maintenance, in effect, only until she attained 70½ years of age, and the defendant former husband cross-appeals, as limited by his brief, from so much of the same judgment as allocated to him for purposes of equitable distribution certain marital assets which he unilaterally distributed to third parties.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The amount and duration of maintenance to be awarded is a

matter committed to the sound discretion of the trial court (*see Murray v Murray,* 269 AD2d 433; *O'Sullivan v O'Sullivan,* 247 AD2d 597; *Matter of Kornfeld v Kornfeld,* 224 AD2d 620). Here, the Supreme Court properly concluded that the plaintiff could easily meet her claimed living expenses and would no longer need maintenance from the defendant after she attained the age of 70½ years, when she would be required to begin withdrawing an estimated $67,800 per year from her retirement funds.

Domestic Relations Law § 236 (B) (5) (d) (12) provides that in determining the equitable distribution of marital property, the court may consider "any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration." Contrary to the defendant's contention, the evidence supports the Supreme Court's conclusion that his familial gifts and charitable transfers before the commencement of this action were made in contemplation of the matrimonial action (*see Ferraro v Ferraro,* 257 AD2d 596).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.