■ CATHERINE IVANI, Respondent, v RICHARD IVANI, Appellant. [757 NYS2d 89] —In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Maltese, J.), dated November 9, 2001, as, after a nonjury trial, awarded the plaintiff child support, equitable distribution, an attorneys' fee, and valuation expert fees, (2) from an order of the same court, dated June 28, 2002, which granted the plaintiff's motion to find him in contempt and to direct him to transfer ownership in the marital home to her and pay her child support arrears in the principal sum of $60,208, (3) from an order of the same court, dated August 30, 2002, which granted the motion of the plaintiff's former counsel for an award of an attorneys' fee in the total sum of $69,106.93, and (4) from an order of the same court, dated September 4, 2002, which (a) denied his motion for a money judgment against the plaintiff in the principal sum of $240,000 based upon his separate property interest in the marital residence, half of the sum on deposit at North Fork Bank jointly held with the plaintiff, and a money judgment against the plaintiff in the principal sum of $35,000 in lieu of certain property awarded to him in the judgment of divorce, and (b) directed him to turn over to the plaintiff all of the net proceeds of the Fidelity & Putnam Mutual Funds awarded to the plaintiff in the judgment of divorce in the approximate principal sum of $76,000.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant's contention that the Supreme Court erroneously imputed income to him for the purpose of calculating child support in the annual amount of $130,000 is without merit. In determining a party's child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (*see Rocanello v Rocanello,* 254 AD2d 269 [1998]). This is particularly true where, as here, the record supports a finding that the defendant's reported income on his tax return is suspect (*see Matter of Graves v Smith,* 284 AD2d 332 [2001]). The evidence

at trial showed that the defendant worked for Ivani Contracting Corp. (hereinafter ICC), while the plaintiff stayed home caring for the parties' children. The defendant owned 20% of the corporation (his parents and sister owed the remaining shares of this closely-held family company). The Supreme Court's determination is supported by evidence that during the parties' marriage, many of their personal expenses were paid by the corporation's accounts and other third parties, and by the parties' relatively lavish preseparation standard of living (*see Askew v Askew,* 268 AD2d 635 [2000]; *Matter of Kuhn v Bovier,* 268 AD2d 806 [2000]).

Contrary to the defendant's contention, his "hands-on" active participation in ICC's operations supported the Supreme Court's determination to include within the equitable distribution award the preseparation appreciation value of his 20% share in ICC (*see Hartog v Hartog,* 85 NY2d 36 [1995]). The Supreme Court also properly relied upon the opinion of the plaintiff's expert regarding the appreciation value of the defendant's share of ICC. In a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered items of evidence are most credible are matters committed to the trial court's sound discretion (*see L'Esperance v L'Esperance,* 243 AD2d 446 [1997]). There is no uniform rule for fixing the value of a business for the purpose of equitable distribution. Valuation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony (*see L'Esperance v L'Esperance, supra*). The determination of the fact-finder as to the value of a business, if within the range of the testimony presented, will not be disturbed on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques (*see L'Esperance v L'Esperance, supra*). Here, the record supports the Supreme Court's determination as to the value of the defendant's family business (*see L'Esperance v L'Esperance, supra*).

The Supreme Court's equitable distribution of the marital property is supported by the record. The Supreme Court sufficiently set forth the factors it considered and the reasons for its determination (*see Brodsky v Brodsky,* 214 AD2d 599 [1995]; *Rosenberg v Rosenberg,* 155 AD2d 428 [1989]).

The award of an attorneys' fee is supported by the record (*see Dempster v Dempster,* 236 AD2d 582 [1997]; *De Bernardo v De Bernardo,* 180 AD2d 500 [1992]).

The defendant's remaining contentions are without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.