■ JOHN R. HERZOG, Appellant, v THERESA M. HERZOG, Respondent. [795 NYS2d 749]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County (Stack, J.), entered March 9, 2004, as, after a nonjury trial, directed him to pay maintenance in the sum of $400 per month for a period of 15 years, awarded the defendant 50% of the marital portion of his pension, denied his request for equitable distribution of the marital premises and awarded the defendant the sum of $125,000, which represented her separate

property contribution towards its purchase, as well as the remaining value of the marital premises, and awarded the defendant an attorney's fee in the sum of $10,000.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof awarding the defendant maintenance in the sum of $400 per month for a period of 15 years and substituting therefor a provision awarding the defendant maintenance in the sum of $400 per month for a period of four years, or until the defendant's remarriage, whichever occurs sooner, and (2) deleting the provision thereof awarding the defendant an attorney's fee in the sum of $10,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court providently exercised its discretion in denying the plaintiff's request for equitable distribution of the former marital residence. While the marital residence, purchased in the joint names of the plaintiff and the defendant, was marital property (*see* Domestic Relations Law § 236 [B] [1] [c]; *Cunningham v Cunningham,* 105 AD2d 997 [1984]), the defendant used proceeds from her separate property to purchase the residence. Therefore, we perceive no basis upon which to disturb the trial court's finding that the defendant was entitled to the purchase price of $125,000, which was derived from her separate property. The trial court did not find credible the plaintiff's testimony that the funds used to purchase the residence were a gift, and such determination is afforded great deference on appeal (*see Cohen v Cohen,* 279 AD2d 599, 599-600 [2001]). With respect to the remaining value of the former marital residence, the court providently exercised its discretion in awarding the entirety to the wife (*see generally Butler v Butler,* 171 AD2d 89, 93-94 [1991]). At trial, the plaintiff testified only to improvements he made to the former marital residence prior to the time when he and the defendant owned the property, and completely failed to substantiate any of his assertions regarding contributions to the former marital residence or the marriage. In contrast, the defendant credibly testified that she paid all expenses in connection with the residence after acquiring ownership, and supported such testimony with documentary evidence.

"The court may order maintenance in such amount as justice requires, considering, inter alia, the standard of living of the parties during the marriage, . . . the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of

the party seeking maintenance" (*Kret v Kret,* 222 AD2d 412 [1995]). Although the amount and duration of maintenance are committed to the discretion of the trial court (*see O'Sullivan v O'Sullivan,* 247 AD2d 597 [1998]; *Matter of Kornfeld v Kornfeld,* 224 AD2d 620 [1996]), the trial court improvidently exercised its discretion in directing the plaintiff to pay maintenance for a period of 15 years in light of the short duration of the parties' marriage. Accordingly, a four-year maintenance award is appropriate under the facts of the case.

While an award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Kret v Kret, supra*), the trial court improvidently exercised its discretion in awarding the defendant an attorney's fee in the sum of $10,000 under the circumstances presented.

The plaintiff's remaining contentions either relate to matters dehors the record or are without merit. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.