■ JULIE LEVINE, Appellant, v ROBERT LEVINE, Respondent. [830 NYS2d 252]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of an amended judgment of the Supreme Court, Westchester County (Donovan, J.), dated April 25, 2005, which, after a nonjury trial, inter alia, equitably distributed marital property, awarded her maintenance in the sum of only $5,000 per month, retroactive

to July 1, 1999, until three years from the date of entry of the judgment, $3,500 per month for the following three years, and $2,500 per month for the following three years, valued the marital asset Food Direct, Inc., in the net value of only $922,000, and awarded title in the marital residence to the defendant.

Ordered that the amended judgment is modified, on the law and the facts, (1) by deleting the 15th decretal paragraph thereof valuing Food Direct, Inc., in the net value of $922,000, and substituting therefor a provision valuing Food Direct, Inc., in the net value of $1,084,112, and (2) by deleting the 40th and 41st decretal paragraphs thereof; as so modified, the amended judgment is affirmed insofar as appealed from, with one bill of costs to the plaintiff.

Contrary to the plaintiff's contention, the trial court correctly found that the defendant did not engage in egregious conduct sufficient to affect the equitable distribution award (see O'Brien v O'Brien, 66 NY2d 576, 589-590 [1985]; Blickstein v Blickstein, 99 AD2d 287, 292 [1984]). Accordingly, the trial court's determination that the marital assets shall be equally distributed between the parties will not be disturbed.

The plaintiff contends that the trial court improperly awarded her rehabilitative maintenance, as opposed to lifetime maintenance, based on her claim that she is incapable of working, and that the monthly award was insufficient to meet her preseparation standard of living. However, the amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (see Mazzone v Mazzone, 290 AD2d 495, 496 [2002]; Liadis v Liadis, 207 AD2d 331 [1994]). The court may order maintenance in such amount as justice requires, considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance (see Kret v Kret, 222 AD2d 412 [1995]). Taking these factors into consideration, the trial court providently exercised its discretion in granting the plaintiff maintenance to the limited extent indicated herein. The proof submitted at trial as to the plaintiff's purported inability to work was largely self-serving, unbelievable, and belied by evidence of her employment within the years leading up to the commencement of this action, as well as the testimony of her own therapists that she would be able to function after the divorce proceedings were over. The trial court had

the opportunity to view the demeanor of the witnesses at the trial, and was in the best position to gauge their credibility. Its resolution of credibility issues is entitled to great deference on appeal (*see Lieberman v Lieberman*, 21 AD3d 1004, 1005 [2005]).

The plaintiff additionally contends that the trial court undervalued the defendant's business, Food Direct, Inc. (hereinafter Food Direct). "There is no uniform rule for fixing the value of a going business for the purpose of equitable distribution" (*L'Esperance v L'Esperance*, 243 AD2d 446, 447 [1997]). Valuation is an exercise properly within the fact-finding power of the trial courts, guided by expert testimony (*see Burns v Burns*, 84 NY2d 369, 375 [1994]; *Bernstein v Bernstein*, 18 AD3d 683, 684 [2005]; *Miness v Miness*, 229 AD2d 520, 521 [1996]). "The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (*Matter of Penepent Corp.*, 198 AD2d 782, 783 [1993]; *see Dempster v Dempster*, 236 AD2d 582 [1997]). Contrary to the plaintiff's contention, no basis exists to disturb the trial court's finding that the court-appointed business evaluator was more credible than her own (*see L'Esperance v L'Esperance, supra; Charland v Charland*, 267 AD2d 698, 700-701 [1999]). While we find that the record supports the trial court's valuation of the defendant's business, the value must be increased to correct a mathematical oversight. The trial court rejected the court-appointed evaluator's value for business equipment, and instead, accepted the plaintiff's expert's value. However, the trial court did not make the proper adjustment in its final total net value. Therefore, the difference between the two values, $162,112, should have been added to the trial court's total net value of $922,000. Accordingly, the correct total net value for Food Direct is $1,084,112, and this shall be equally distributed between the parties.

Contrary to the plaintiff's contentions, the trial court properly denied her request to direct the sale of the marital residence, and awarded title therein to the defendant. The trial court found that the fair market value of the marital residence was $1.9 million. During the pendency of this action, the plaintiff borrowed large sums of money from her paramour, Steven Rose. The loans were reduced to promissory notes, and secured by mortgages granted only by the plaintiff to Rose against the marital residence (hereinafter the Rose mortgages). The outstanding principal amount of the Rose mortgages was $1,050,000. Additionally, a mortgage granted by both parties to HSBC (herein-

after the HSBC mortgage) which, at the time of the trial had an unpaid principal balance of $741,500, encumbers the property.

Inasmuch as the marital residence constitutes a marital asset, the wife's net share thereof is $550,836, which is equal to one-half of $1,158,500, or $579,250, computed by taking the fair market value of the marital residence ($1,900,000) and subtracting therefrom the balance due on the HSBC mortgage ($741,500), minus the sum of $28,414, which constitutes a credit to which the husband is entitled for reducing the principal of the HSBC mortgage. Significantly, we note that since the debt incurred by the plaintiff secured with the Rose mortgages was used for her own benefit, she remains solely responsible for such debt (*see Balch v Balch*, 193 AD2d 1079 [1993]).

For purposes of clarification, with regard to the two main assets involved herein, namely, Food Direct and the marital residence, the plaintiff's share is a total of $1,092,892, which is computed by adding her share in Food Direct ($542,056) and her share in the marital residence ($550,836). From this sum of $1,092,892, the plaintiff must pay the outstanding balance of the Rose mortgages, which is $1,050,000. Thus, with regard to these two assets, the net sum to which the plaintiff is entitled is $42,892.

In light of our determination on a prior appeal (*see Levine v Levine*, 19 AD3d 374 [2005]), decided after entry of the amended judgment, we need not reach the merits of the plaintiff's contentions regarding certain money judgments.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit.

Motion by the respondent on an appeal from an amended judgment of the Supreme Court, Westchester County, dated April 25, 2005, inter alia, to dismiss the appeal on the ground that the appendix contains matter dehors the record, or, in the alternative, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated July 17, 2006, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.