■ KIM BRICKER, Respondent, v JAMES BRICKER, Appellant. [893 NYS2d 128]—

We reject the defendant's contention that the Supreme Court improperly accepted the plaintiff's expert's opinion over the opinion of his own expert concerning the valuation of the auto repair shop operated by him. There is no uniform rule for fixing the value of a going business and the valuation of a business for equitable distribution purposes is an exercise properly with the fact-finding power of the trial court, guided by expert testimony (*see Burns v Burns,* 84 NY2d 369 [1994]; *Dempster v Dempster,* 236 AD2d 582 [1997]). The factfinder's determination of the value of a business, if it is within the range of the expert testimony presented, is entitled to deference on appeal where the valuation rests primarily on the credibility of the expert witnesses and their valuation techniques (*see Wasserman v Wasserman,* 66 AD3d 880, 882 [2009]; *Ivani v Ivani,* 303 AD2d 639, 640 [2003]).

Similarly, the court did not err in valuing the marital residence based upon the appraisal thereof that was admitted into evidence, rather than upon the testimony of the defendant's

neighbor that he was willing to purchase it for considerably more than the appraised value, which the trial court expressly found lacked credibility (*see Levine v Levine,* 37 AD3d 550 [2007]).

We agree with the defendant, however, that it was error for the court to award 100% of JCB Holdings to the plaintiff, and we modify the judgment by awarding each party a 50% share of that marital asset.

We decline to disturb the trial court's award to the plaintiff of a 60% interest in Bricker's, Inc. However, we agree with the defendant that it is inappropriate for the plaintiff to continue as a joint owner with the defendant of this closely-held corporation, and that, instead, a distributive award should be made to the plaintiff for her share (*see* Domestic Relations Law § 236 [B] [5] [d] [9]; [e]). Based on the evidence that Bricker's, Inc., is the owner and lessor of the real property where the auto repair shop which the defendant operates is located, that the appraised value of that real property of $535,000, and the trial court's determination that the plaintiff is entitled to a 60% share of this marital asset, we modify the judgment so as to award the plaintiff a distributive award of $321,000 for her share of Bricker's, Inc. In view of the defendant's lack of liquid assets, we direct that he pay the plaintiff her distributive award for this asset over a period of 14 years, in annual installments of $24,000 per year for 13 years, and a final installment in the sum of $9,000 in the 14th year, with the proviso that, if he should sell the real property owned by Bricker's, Inc., within that time period, he shall pay any remaining balance due on the award to the plaintiff upon that sale.

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.

Motion by the respondent to strike paragraph III of point I, point II, and point XVII of the appellant's reply brief on an appeal from a judgment of the Supreme Court, Rockland County, dated October 8, 2008, on the ground that those points refer to matter dehors the record or contain arguments improperly raised for the first time in the reply brief, and for an award of costs. By decision and order on motion of this Court dated September 14, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, and paragraph III of point I, point II, and point XVII of the appellant's reply brief are deemed stricken, and have not been considered in the determination of the appeal. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.