Julie DeGroat, Respondent, v. Stephen DeGroat, Appellant. [924 NYS2d 425]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated January 29, 2010, as, upon a decision of the same court dated November 19, 2009, made after a nonjury trial, (1) awarded to the plaintiff a sum equal to the value of 50% of the value of the parties' nonretirement marital assets, (2) determined that the proceeds of certain stock options constituted marital property, (3) determined that a bonus paid to him by his former employer, FSA, constituted marital property, and (4) directed him to pay to the plaintiff the sum of $250,000, representing 50% of the sum he withdrew from a certain bank account immediately prior to or after the commencement of the divorce action, plus interest.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Trial courts are vested with broad discretion in making equitable distributions of marital property (*see Raville v Elnomany*, 76 AD3d 520, 521 [2010]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *Bossard v Bossard*, 199 AD2d 971 [1993]). In exercising that broad discretion, courts must remember that "[a]lthough equitable distribution is not necessarily equal distribution, where . . . both spouses equally contribute to a marriage that is of long duration, a division of marital assets should be made that is as equal as possible" (*Miller v Miller*, 128 AD2d 844, 845 [1987] [citation omitted]). Here, in light of, inter alia, the long duration of the marriage and the respective contributions of the parties, the Supreme Court did not improvidently exercise its discretion in awarding to the plaintiff a sum equal to 50% of the value of the parties' nonretirement marital assets (*see* Domestic Relations Law § 236 [B] [5] [d]; *Raville v Elnomany*, 76 AD3d at

522; *Graves v Graves*, 307 AD2d 1022, 1023-1024 [2003]; *Meza v Meza*, 294 AD2d 414, 415-416 [2002]; *cf. Adjmi v Adjmi*, 8 AD3d 411, 412-413 [2004]).

The defendant contends that the Supreme Court erred in determining that the proceeds of certain stock options granted to him constituted marital property subject to equitable distribution. We disagree. Some of the stock options were granted to the defendant prior to the date of the parties' 1991 marriage, and those options initially constituted his separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1], [3]). The remaining stock options were granted to him after the date of the marriage, and all of the stock options were redeemed or exercised in 1996, during the marriage. The entire proceeds of the redemption of the stock options were subsequently commingled with marital funds in a certain investment account that, at the relevant time period, was titled jointly in the names of the parties. At trial, the defendant failed to demonstrate with "sufficient particularity" that any money in the investment account was directly traceable to those stock options that were originally his separate property (*Massimi v Massimi*, 35 AD3d 400, 402 [2006]), inasmuch as he did not produce relevant documentation as to deposits and withdrawals for the account. Under these circumstances, the Supreme Court did not err in determining that the entire sum representing the proceeds of the stock options, valued as of the date of trial, constituted marital property (*id*. at 402; *see Lynch v King*, 284 AD2d 309, 310 [2001]).

The Supreme Court properly determined that a bonus received in 1996 by the defendant from a company known as FSA constituted marital property. Notably, the defendant commenced his employment at FSA five years into the marriage, and the entire period of his employment at FSA was during the marriage (*cf. DeJesus v DeJesus*, 90 NY2d 643, 652 [1997]). Under the circumstances, the Supreme Court did not err in finding that the defendant did not rebut the presumption, applicable to property acquired during the marriage (*id*. at 648; *see Tung Auyeung v Yinyin Mui*, 82 AD3d 477 [2011]), that the bonus constituted marital property (*see* Domestic Relations Law § 236 [B] [1] [c]; *cf. DeJesus v DeJesus*, 90 NY2d at 652).

Finally, the Supreme Court did not err in directing the defendant to pay to the plaintiff the sum of $250,000, 50% of the sum he withdrew from a joint bank account immediately prior to or after the commencement of this action, as the record shows that this transaction was performed in contemplation of divorce (*see* Domestic Relations Law § 236 [B] [5] [d] [12]; *Xikis v Xikis*, 43 AD3d 1040, 1042 [2007]; *Buchsbaum v Buchsbaum*, 292

AD2d 553, 554 [2002]; *Ferraro v Ferraro*, 257 AD2d 596, 597 [1999]). Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.