# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**887**

**CA 11-02196**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

JANET R. PELCHER, EXECUTOR OF THE ESTATE OF
DIANE C. CZEBATOL, DECEASED,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

J. MICHAEL CZEBATOL, DEFENDANT-APPELLANT.

---

MERKEL AND MERKEL, ROCHESTER (DAVID A. MERKEL OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GALLO & IACOVANGELO, LLP, ROCHESTER (SEEMA ALI RIZZO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Joanne M. Winslow, J.), entered February 8, 2011
in a divorce action. The order and judgment granted the motion of
decedent for a determination of separate property.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Diane C. Czebatol (decedent) died during the
pendency of this action for divorce commenced by her, whereupon her
mother, as executor of her estate, was substituted as the plaintiff.
Prior to her death, decedent moved for an order determining that the
amount of $149,500 used for the purchase of the marital residence was
her separate property, and that she was entitled to a credit in that
amount from the proceeds of the sale of the marital residence.
Supreme Court properly granted the motion. "It is well settled that a
spouse is entitled to a credit for his or her contribution of separate
property toward the purchase of the marital residence, including any
contributions that are directly traceable to separate property"
(*Juhasz v Juhasz*, 59 AD3d 1023, 1024, *lv dismissed* 12 NY3d 848
[internal citations omitted ]), even where, as here, the parties held
joint title to the marital residence. Here, decedent established in
support of her motion that plaintiff transferred approximately
$150,000 in mutual funds to decedent's mutual fund account and that
decedent thereafter withdrew funds from that account and deposited the
funds into her individual checking account, from which she paid
$149,500 toward the purchase of the marital residence (*cf. Fields v
Fields*, 15 NY3d 158, 165-167, *rearg denied* 15 NY3d 819; *Baker v Baker*,
32 AD3d 1275, 1275-1276). Contrary to defendant's contention, the
court properly determined that, although the deed to the marital

residence establishes that decedent and defendant owned the property as tenants by the entirety, decedent did not contribute her separate property toward the purchase of the marital residence as a gift to defendant.

Entered: September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court