In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Cohen, J.), dated May 28, 2010, which, after a nonjury trial, inter alia, awarded the defendant 30% of his interest in Hi-Tech Trading (USA), Inc., and spousal maintenance in the sum of $4,000 per month for a period of four years.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
In determining the equitable distribution of marital property, the court may consider “any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration” (Domestic Relations Law § 236 [B] [5] [d] [13]; see Buchsbaum v Buchsbaum, 292 AD2d 553, 554 [2002]). Contrary to the plaintiffs contention, in equitably distributing the parties’ assets, the Supreme Court properly considered his interest in a business, known as Hi-Tech Trading (USA), Inc. (hereinaf *735 ter Hi-Tech), which was started by the plaintiff and a partner during the marriage, and was purportedly transferred by the plaintiff to his partner shortly before commencement of this action for no consideration (see DeGroat v DeGroat, 84 AD3d 1012, 1014 [2011]; Xikis v Xikis, 43 AD3d 1040, 1042 [2007]; Buchsbaum v Buchsbaum, 292 AD2d at 554).
“ ‘Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property’ ” (Steinberg v Steinberg, 59 AD3d 702, 704 [2009], quoting Judson v Judson, 255 AD2d 656, 657 [1998]; see D’Angelo v D’Angelo, 14 AD3d 476, 477 [2005]; Farag v Farag, 4 AD3d 502, 503 [2004]). Here, contrary to the plaintiff’s contention, there was no showing or finding that funds he allegedly invested in High Tech were his separate property, and, thus, his interest in Hi-Tech was properly equitably distributed.
Under the circumstances of this case, the plaintiffs contention that the Supreme Court engaged in “double counting” with respect to the award of maintenance is without merit, as the plaintiffs businesses constituted tangible, income-producing assets, rather than intangible assets (see Keane v Keane, 8 NY3d 115, 119 [2006]; Weintraub v Weintraub, 79 AD3d 856, 857 [2010]; Kerrigan v Kerrigan, 71 AD3d 737, 738 [2010]).
The plaintiff’s remaining contentions are without merit. Skelos, J.E, Balkin, Roman and Sgroi, JJ., concur.