# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**443**

**CA 13-01875**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

MICHAEL JACOBI, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

MELANIE JACOBI, DEFENDANT-RESPONDENT.

---

PALMER, MURPHY & TRIPI, BUFFALO (THOMAS A. PALMER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

AMIGONE, SANCHEZ & MATTREY, LLP, BUFFALO (DAVID V. SANCHEZ OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered September 11, 2013. The order, insofar as appealed from, denied that part of plaintiff's motion seeking summary judgment determining that he is entitled to $143,000 as his separate property upon the sale of the marital residence in Indiana and granted that part of defendant's cross motion seeking summary judgment determining that the proceeds of the sale of the marital residence in Indiana are to be divided equally between the parties.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion seeking summary judgment determining that plaintiff is entitled to $143,000 as his separate property upon the sale of the marital residence in Indiana is granted and that part of the cross motion seeking summary judgment determining that the proceeds of the sale of the marital residence in Indiana are to be divided equally between the parties is denied.

Memorandum: The parties were married in New York shortly after they entered into a prenuptial agreement (Agreement). They subsequently relocated to Indiana, and defendant initiated a divorce action there. During the pendency of the divorce action, plaintiff commenced this action seeking, among other things, a determination of his separate property and the parties' marital property pursuant to the terms of the Agreement. As limited by his brief, plaintiff appeals from an order insofar as it denied that part of his motion seeking summary judgment determining that he is entitled to $143,000 as his separate property upon the sale of the marital residence in Indiana and granted defendant's cross motion for summary judgment to the extent that it sought summary judgment determining that the marital residence constitutes marital property in its entirety pursuant to the Agreement, and that the equity or proceeds of the sale

of the marital residence are to be divided equally between the parties. Although the Agreement states that "distribution of all marital property will not be governed by Section 236 of the New York Domestic Relations Law," it otherwise provides that it "shall be interpreted in accordance with New York law." Under New York law, " '[i]t is well settled that a spouse is entitled to a credit for his or her contribution toward the purchase of the marital residence, including any contributions that are directly traceable to separate property' . . . , even where, as here, the parties held joint title to the marital residence" (*Pelcher v Czebatol*, 98 AD3d 1258, 1259). Plaintiff established that he contributed $143,000 to the purchase of the marital residence that was directly traceable to property defined in the Agreement as separate property. We therefore reverse the order insofar as appealed from.

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court