# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**699**
**CA 14-01006**
PRESENT: SCUDDER, P.J., SCONIERS, VALENTINO, AND WHALEN, JJ.

---

ELISABETH R. VURAL, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

MATTHEW OZHAN VURAL, DEFENDANT-APPELLANT.

---

FINOCCHIO & ENGLISH, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

ALDERMAN AND ALDERMAN, SYRACUSE (EDWARD B. ALDERMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered August 27, 2013 in a divorce action. The judgment, among other things, distributed the marital assets and awarded plaintiff child support.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, directed him to pay child support and distributed marital assets and debts. We reject defendant's contention that Supreme Court erred in its valuation of the marital residence. The court's valuation was " 'within the range of expert testimony and adequately supported by the record' " (*Johnson v Johnson*, 277 AD2d 923, 925, *lv dismissed* 96 NY2d 792). The court also properly credited plaintiff with her contribution of separate property for the down payment on the marital residence (*see Pelcher v Czebatol*, 98 AD3d 1258, 1259). With respect to the distribution of the remaining marital assets and debts, we conclude that the court did not abuse its " 'substantial discretion in determining what distribution of property [—including debt—] will be equitable under all the circumstances' " (*Oliver v Oliver*, 70 AD3d 1428, 1429).

Contrary to defendant's contentions, the court did not abuse its discretion in awarding child support to plaintiff or in calculating the amount of that award. The court acknowledged that, given the roughly equal incomes of the parties and their shared custody arrangement, no award of child support would typically be appropriate (*see generally Leonard v Leonard*, 109 AD3d 126, 128). After considering the parties' respective financial resources, however, including defendant's inheritance, the court properly awarded child support to plaintiff (*see Matter of Cody v Evans-Cody*, 291 AD2d 27,

30-31; *see also* Domestic Relations Law § 240 [1-b] [e] [4]).  Finally, after applying the statutory guidelines to calculate the basic child support obligation, the court considered the relevant statutory factors and properly determined that application of the basic obligation would be unjust or inappropriate (*see Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 155-156).

Entered:  July 2, 2015                              Frances E. Cafarell
                                                    Clerk of the Court